United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RONNY PEREZ-CABRERA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-06041 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| RAYMOND THOMPSON, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Ronny Perez-Cabrera filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 20, 2026. Dkt 1. He admits to illegal entry into the United States at a prior date but nonetheless contends that his current detention under 8 USC §1225(b) violates the Due Process Clause of the Fifth Amendment. Id at 4–5.

Pending is a motion by the Government to dismiss the action as an abuse of the writ. Dkt 9.

The Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense

prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider *prejudice* when a petitioner fails to show cause. Id at 118.

Petitioner's first petition, filed through counsel, alleged that his detention under §1225(b)(2)(A) was unlawful under (i) the Due Process Clause of the Fifth Amendment, (ii) the Administrative Procedure Act, and (iii) the *Accardi* doctrine. See *Perez-Cabrera v Doe, et al*, 4:26-cv-01484 (SD Tex) at Dkt 1. That petition was dismissed with prejudice on April 17, 2026. Id at Dkts 8, 9.

Petitioner's new petition, filed *pro se*, asserts that his current detention has become prolonged. Dkt 1 at 4–5. It contends that his appeal of the order denying his asylum application remains pending and the passage of time has made his detention more difficult. Ibid. As relief, he seeks review of the "legality of [his] continued detention." Id at 5.

This claim either was or could have been raised in the prior petition. Petitioner alleges no changed circumstances that would warrant reconsideration of his previously denied petition. Nor does he allege any facts demonstrating *cause* for not raising any potential new claim in his prior petition. The failure to show such cause requires dismissal of his current petition for abuse of the writ.

The failure to show cause dispenses with the need to consider prejudice. Even so, and going further, the claims Petitioner raises have been previously rejected by the undersigned in the following cases:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody

determination beyond the mandate of §1225(b)(2)(A).

- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention; see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

He thus can't show *prejudice*, even if his current claims are considered on their merits.

Having failed to allege facts showing either cause or prejudice, Petitioner isn't entitled to file a second petition. His petition will thus be dismissed with prejudice as an abuse of the writ.

* * *

The motion by the Government to dismiss this action is GRANTED. Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Ronny Perez-Cabrera is DISMISSED as an abuse of the writ. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

It is ordered that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on August 18, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge